IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| GROWTH OPPORUTNITY CONNECTION, INC., | ) ) ) |
| Plaintiff | ) ) |
| v. | ) Case. No. 11-00601-CV-W-DGK ) |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) ) |

## ORDER DENYING MOTION TO REMAND

This case arises out of an insurance agreement between Defendant Philadelphia Indemnity Insurance Company ("Philadelphia") and Plaintiff Growth Opportunity Connection, Inc. ("GOC"). Currently pending before the Court are "Motions to Remand" on behalf of Missouri's Attorney General ("the Attorney General") (Doc. 8), GOC's Appointed Receiver ("the Receiver") (Doc. 10), and Greater Kansas City Community Foundation ("GKCCF") (Doc. 27) who all argue that Defendant's removal of this action pursuant to the Court's diversity jurisdiction is inappropriate because there is not diversity of citizenship and the amount in controversy does not exceed $75,000. The Court has fully reviewed all three motions to remand and Philadelphia's response to these motions. Because the Court finds that there is complete diversity of citizenship and the amount in controversy exceeds $75,000, the "Motions to Remand" on behalf of the Attorney General, the Receiver, and GKCCF are denied.

Philadelphia also moves the Court to dismiss GOC's Third-Party Petition against it pursuant to Federal Rules of Civil Procedure 12(b)(2), (4) & (5) (Doc. 3) for lack of personal jurisdiction, insufficient process, and insufficient service of process. The Court, after carefully

considering this Motion and GOC's response to it, finds that service of process was insufficient and grants Philadelphia's "Motion to Dismiss" (Doc. 3).

Finally, the Court considers GOC's "Motion to Dismiss" GKCCF's Third-Party Complaint against it for lack of personal jurisdiction pursuant to 12(b)(2) (Doc. 26). Because the Court finds that GKCCF's intervention was improper, GKCCF's claim is dismissed without prejudice.

## Background

In 2008, Growth Opportunity Connection, Inc. was a non-profit corporation providing loans to small start-up businesses. At that time, Philadelphia Indemnity Insurance Company provided insurance to GOC which included coverage for employee theft. In late 2008 and early 2009, GOC discovered employee theft in the amount of $158,715.82, as valued by Heanchan Valuation Services, Inc., ("Heanchen") an independent forensic accountant hired by GOC. In January 2009, GOC submitted a claim to Philadelphia under its policy for that amount. Finding that the theft of GOC's three employees constituted only one act of theft, Philadelphia adjusted GOC's claim to $85,194. Pursuant to a court order, Philadelphia then remitted $31,749.52 to Heanchen as payment for its services to GOC.

On June 29, 2009, GOC's Board of Directors resigned, abandoning the corporation and leaving no one to govern or manage GOC's affairs or to accept Philadelphia's remaining insurance payment of $53,444.48. On October 21, 2009, the Missouri Secretary of State administratively dissolved GOC. Consequently, on November 24, 2010, Philadelphia filed a Petition for Dissolution and for Appointment of Receiver in the Circuit Court of Jackson County, Missouri ("Missouri State Court"). On January 14, 2011, Missouri Attorney General Chris Koster, on behalf of the State of Missouri, intervened in the Missouri State Court action under

his authority to oversee and protect charitable assets pursuant to RSMo. § 355.731(4). At that time, the Attorney General also filed his own petition for dissolution and appointment of a receiver.

On March 14, 2011, the Missouri State Court appointed David V. Kenner as the Receiver for GOC, authorizing him to collect all funds due to GOC from Philadelphia. On or about April 27, 2011, the Receiver made written demand to Philadelphia to pay GOC the remaining $53,444.48 plus the additional policy proceeds of at least $90,000. On May 2, 2011, Philadelphia dismissed its state court Petition, and on May 27, 2011, the Receiver accepted a check from Philadelphia in the amount of $53,444.48, expressly reserving the right to seek additional policy proceeds.

On June 6, 2011, the Receiver filed a Third-Party Petition against Philadelphia, alleging a breach of contract claim and demanding the additional insurance amounts not yet paid. This claim was filed in Missouri State Court in the same Receivership action originally initiated by Philadelphia and the Attorney General. Philadelphia filed a Notice of Removal on June 10, 2011, seeking to remove the case from the Missouri State Court to the United States District Court for the Western District of Missouri based on diversity jurisdiction (Doc. 1). On July 13, 2011, The Greater Kansas City Community Foundation moved to intervene as a plaintiff pursuant to Fed. R. Civ. P. 24(a); this Court granted the motion on August 9, 2011. Subsequently, the Attorney General, joined by the Receiver, moved to remand the case to Missouri State Court, arguing that there was no diversity of citizenship and the action did not meet the amount in controversy requirement. GKCCF also moved to remand, arguing that its entrance into the case defeats the requirements of complete diversity of citizenship between the parties.

**Standard**

An action may be removed by the defendant where the case falls within the original jurisdiction of the district courts. 28 U.S.C. § 1441(a). If the case is not within the original subject matter jurisdiction of the district court, the court must remand the case to the state court from which it was removed. 28 U.S.C. § 1447(c). The burden of establishing federal jurisdiction is on the party seeking removal. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). "Removal statutes are strictly construed, and any doubts about the propriety of removal are to be resolved in favor of state court jurisdiction and remand." *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997). In addition, the Supreme Court has suggested that there is a higher hurdle for the removal of actions brought by a state. *Franchise Tax Bd. of State of California v. Constr. Laborers Vacation Trust for S. California et al.*, 463 U.S. 1, 22, n. 22 (1983). "[C]onsiderations of comity make us reluctant to snatch cases which a State has brought from the courts of that State, unless some clear rule demands it." *Id*.

To invoke original diversity jurisdiction, the parties must be citizens of different states and the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Complete diversity between the parties is required; the presence of a single plaintiff from the same state as a single defendant destroys diversity and extinguishes a federal court's jurisdiction to hear the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

**Discussion of Remand**

**A. The present action is separate and independent from the state court Receivership action initiated by Philadelphia and the Attorney General.**

The Attorney General argues that the Third-Party Petition for additional damages filed by the Receiver in this case is within the scope of the original state Receivership action and resolves issues with which the Attorney General has a legitimate interest. Specifically, the Attorney General maintains that "[b]y requesting a receiver to collect all funds due to [GOC], the Attorney General intended the receiver to collect these funds by filing this third-party petition in this suit" (Doc. 8, p. 5). If the Court allows Philadelphia to remove only the Third Party Petition and not the Receivership action, the Attorney General argues it will "split one case into two" (Doc. 8-1, p. 6).

The Court finds that the insurance claim in this case is separate and independent from the GOC Receivership action such that adjudication of the insurance claim will not split what should be one case into two. First, this case does not interfere with the GOC Receivership action because it is seeking the adjudication of in personam rights only. Second, this is not a proper third-party petition under the Missouri Rules of Civil Procedure; in fact, if it were consolidated in the GOC Receivership action, the Missouri State Court would be compelled to strike it. Accordingly, the present claim is separate and independent from the Missouri State Receivership action.

**1. This case seeks the adjudication of in personam rights, and, therefore, adjudication in federal court is proper.**

The general rule is that if "two suits are in rem, or quasi in rem, so that the court, or its officer, has possession or must have control of the property which is the subject of the litigation

5

in order to proceed with the cause and grant the relief sought the jurisdiction of the one court must yield to that of the other." *Princess Lida of Thurn and Taxis v. Thompson*, 305 U.S. 456, 466 (1939). The Supreme Court in *Princess* Lida, however, held that when a party seeks to adjudicate an in personam right in federal court, the adjudication does not interfere with preexisting state receivership actions. *Id.* In fact, the Court stated that "it is settled that where the judgment sought is strictly in personam, both the state court and the federal court, having concurrent jurisdiction, may proceed with the litigation at least until judgment is obtained in one of them which may be set up as res ajudicata in the other." *Penn General Cas. Co. v. Pennsylvania*, 294 U.S. 189, 195 (1935); *Princess Lida*, 305 U.S. at 466. The *Princess Lida* Court went on to clarify that the rule regarding in rem or quasi in rem cases "has no application to a case in a federal court based upon diversity of citizenship, wherein the plaintiff seeks merely an adjudication of his right of his interest as a basis of a claim against a fund in the possession of a state court." *Id.* at 466.

The Eighth Circuit has specifically held that federal courts have jurisdiction even where a state receivership action is concurrently pending. *Rogers v. Paving Dist. No. 1 of City of Eureka Springs*, 84 F.2d 555, 558 (8th Cir. 1936). In *Rogers*, the Eighth Circuit held that pending state receivership proceedings did not preclude the federal court from exercising its diversity jurisdiction. The court noted "it is clear that the jurisdiction existing in the state court did not prevent the federal court from exercising its jurisdiction in the case at bar, to the extent that such exercise of jurisdiction did not interfere with the possession by the state court through its receiver of the res involved in the litigation, and that such exercise of jurisdiction accorded due and proper regard to the proceedings had in the state court." *Id*.

The present case is an in personam action for breach of an insurance contract. It seeks only to determine whether Philadelphia breached its contract with GOC and owes money to the Receiver. Adjudication of this claim will not affect the administration of GOC's assets or of the Receivership itself. Therefore, adjudication of the claim in federal court is proper.

## 2. The Third-Party Petition filed in the State Receivership action is improper and subject to being stricken.

Missouri Rule of Civil Procedure 52.11 states that, "At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and petition to be served upon a person not a party to the action who is or may be liable to the defending party of all or party of the plaintiff's claim against the defending party." Mo. R. Civ. Pro. 52.11(a). Furthermore, "Any party may move to strike the third-party claim or for its severance or separate trial." *Id*. Philadelphia argues that this case was not properly brought as a third-party petition: third-party practice is permitted only in "actions" and is only appropriate when the third-party defendant may be liable to the defending party for all or part of the plaintiff's claims against the defending party. The Court agrees that a third-party petition is improper here, finding that a receivership proceeding is not an "action" and there is no evidence that Philadelphia is liable for any claim the Attorney General has against GOC.

Missouri Rule of Civil Procedure 52.11(a) provides for third-party petitions only after commencement of an "action;" thus, if there is no action, there is no authority to file a third-party petition. In *Ainsworth v. Old Security Life Ins. Co.*, the Missouri Court of Appeals, interpreting Rule 52.12, held that a receivership proceeding is not an action. 685 S.W.2d 583 (Mo. App. 1985). In that case, the court construed a section of Mo. R. Civ. P. 52.12 that provides in relevant part that "anyone shall be permitted to intervene in an action . . . ." *Id*. In holding that a

7

receivership proceeding is not an action such that the proposed intervener could intervene, the court noted that "the word 'actions' is not usually considered to include such proceedings as the settlement of estates, the probate of wills, or the distribution of property, though proceedings ancillary thereto may partake of the nature of actions." *Id.* (quoting *Fischer v. Sklenar*, 101 Neb. 553 (1917)).

Missouri Rule of Civil Procedure 52.11(a) also requires that the third-party defendant "be liable to the defending party for all or part of the plaintiff's claims against the defending party." Here, the only claim pending in the State Receivership Action is the Attorney General's Petition seeking the appointment of a receiver and the dissolution of GOC. A third-party petition on behalf of GOC would only be appropriate if GOC could argue that Philadelphia was somehow liable to it for all or part of the Attorney General's claims against it. *See AAA Excavating Inc. v. Francis Constr. Inc.*, 678 S.W.2d 889, 894 (Mo. App. 1984). However, here the Attorney General's petition against GOC does not seek monetary damages or other relief for which Philadelphia could be liable. It seeks only appointment of a receiver, and therefore, does not fall within the purview of the third-party petition rule. Thus, if the present claim were consolidated with the GOC Receivership action, the Missouri State Court would be compelled to strike the Third-Party Petition. *Id.* ("The correct remedy for the situation where the petition states a cause of action but is not the proper subject of a third party petition is striking the pleading . . . .").

The Attorney General argues that whether the third-party petition is improper in the State Receivership proceeding is irrelevant for determining whether removal to this Court was proper. However, this analysis is far from irrelevant; rather, the Court finds it highly instructive as to whether this case is separate and distinct from the State Receivership proceeding. If the case

were remanded, the Missouri State Court would be compelled to strike the Third-Party Petition and GOC would be required to bring the claim in separate suit. Accordingly, this analysis supports the Court's conclusion that GOC's insurance claim against Philadelphia is a separate civil action for purposes of removal.

**B. The State of Missouri is a not real party in interest in the Receiver's action to recover money from Philadelphia.**

The Attorney General argues that there is no diversity jurisdiction in the present action because "a suit between a state and a citizen or a corporation of another state is not between citizens of different states" as required under 28 U.S.C. § 1332. *Highway Comm'n of Wyoming v. Utah Constr. Co.,* 278 U.S. 194, 200 (1929), *quoting Postal Telegraph Cable Co. v. Alabama,* 155 U.S. 482, 487 (1894). The Attorney General goes on to argue that the State of Missouri, as represented by him, is a real party in interest, thereby destroying diversity jurisdiction. Philadelphia agrees with this summation of the law, but disagrees about whether the Attorney General is a real party in interest in this case.

In determining whether the court has jurisdiction, "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980). Thus, where a state is merely a nominal party to the action, its mere presence will not defeat diversity jurisdiction in federal courts. *State of Mo. ex rel. Webster v. Freedom Fin. Corp.*, 727 F. Supp. 1313 (W.D. Mo. 1989). Accordingly, if the Attorney General is not a real party in interest, the Court must disregard him for purposes of determining diversity jurisdiction. *See Missouri v. Homesteaders Life Ass'n*, 90 F.2d 543, 545 (8th Cir. 1937).

The "real party in interest," for purposes of determining diversity jurisdiction, is "the person who, under governing substantive law, is entitled to enforce the right asserted." *Iowa Pub. Serv. Co. v. Med. Bow Coal Co*., 556 F.2d 400 (8th Cir. 1977). To be a "real party in interest," the Attorney General must have a specific interest in the litigation beyond "the state's general 'governmental interest in the welfare of all its citizens . . . and in securing compliance with all its laws.'" *Ramada Inns, Inc. v. Rosemount Mem'l Park Ass'n*, 598 F.2d 1303, 1306 (3d Cir. 1979) (quoting *Missouri, Kansas, & Texas Ry. Co. v. Hickman*, 183 U.S. 53, 60 (1901)).

The Attorney General argues that he has always been recognized as a real party in interest in actions involving charitable assets and charitable trusts, even where the charitable organization itself is a co-plaintiff. *Glenmede Trust Co. v. Dow Chem. Co*., 384 F. Supp. 423, 428 (E.D. Pa. 1974) (finding that the state, through its Attorney General, is a real party in interest even though the charitable trust is a co-plaintiff); *Murphey v. Dalton*, 314 S.W.2d 726, 731 (Mo. 1958); *Lackland v. Walker*, 52 S.W. 414, 423 (Mo. 1899) ("The public is the beneficiary of the trust, and the attorney general, as its representative, was the only real party in interest."). Accordingly, even though GOC's Receiver is a party to this suit and the Attorney General seeks to benefit the Receiver's cause, he is still a real party in interest. His voice is independent and should not be eliminated merely because the Receiver chose to pursue a course of action with which the Attorney General agrees. *See In re Pruner's Estate*, 136 A.2d 107, 109-10 (Pa. 1957). The Attorney General also argues that he has an actual and cognizable interest in protecting charitable assets for the public at large "to whom the social and economic benefits of [charitable] trusts accrue." *See In re Estate of Feinstein*, 527 A.2d 1034, 1036 n.3 (Pa. 1987).

Philadelphia, on the other hand, asserts that the Attorney General's argument proves too much. If the Attorney General's generalized interest in protecting the assets of non-profit

corporations makes him a real party in interest, Philadelphia argues that "the state would be a party in interest in all litigation; because the purpose of all litigation is to preserve and enforce rights and secure compliance with the law." *Missouri, Kansas, & Texas Ry. Co.*, 183 U.S. at 60. Philadelphia also argues that the Attorney General cannot "intervene in every case that may touch upon public rights or the public interest" (Doc. 11, p. 11). According to Philadelphia, "[t]he AG's reasoning would lead to the illogical conclusion that he would be a real party in interest in every action brought by or against a non-profit" (Doc. 11, p. 11).

Here, the Attorney General does not seek to intervene in the case solely because the case "touches upon the public interest." Rather, the Attorney General seeks to intervene to protect GOC's assets which will, presumably, inure to the benefit of the public. Still, the Attorney General already has a means to ensure that these assets are protected through its participation in the related Receivership action. While the Attorney General, on behalf of the public, is the ultimate beneficiary of GOC's assets, the Receiver has been appointed to administer and maintain those assets. In fact, in the Missouri State Court's order appointing the Receiver, it stated that the Receiver is authorized to dispose of GOC's assets, sue and defend on its behalf, collect all funds due to it, and wind up and liquidate its affairs. Here, the Receiver properly executes that appointment, suing Philadelphia to recover funds allegedly owed to GOC. Thus, because the Receiver has been appointed and because it is properly executing its appointment, it is the real party in interest responsible for "collect[ing] all funds due to [GOC] from Plaintiff" and "institut[ing] all legal proceedings necessary to recover possession of any property . . . now due or hereafter to become due" (9-1, p. 4).

**C. Philadelphia is not "equitably estopped" from removing this case to federal court after filing its original Receivership action in state court.**

Chapter 28 § 1441(a) allows *defendants* to remove cases to federal court in any civil action in which a district court has original jurisdiction. Because they have the opportunity to choose their preferred forum when they file, Plaintiffs do not have this same right. Here, the Attorney General argues that Philadelphia seeks to "bypass" this provision in Section 1441(a) and to "effectively remove the very same issue that it first chose to file in State Court" (Doc. 8, p. 6).

This argument is misguided and unsupported. First, the Attorney General provides no support for his assertion that equitable estoppel applies in this situation. In addition, he ignores the effect of Philadelphia's previous dismissal of its petition in the Receivership action. At the time the State Court dismissed Philadelphia's petition, there were no claims pending against Philadelphia, the court lost jurisdiction over it, and the petition became a nullity. *See Wittman v. Nat'l Supermarkets, Inc.*, 31 S.W.3d 517, 520 (Mo. App. 2000). Thus, because Philadelphia's petition was dismissed entirely, equitable estoppels does not prevent Defendant from removing this case to federal court.

**D. The amount in controversy is in excess of $75,000.**

In addition to arguing that the Court lacks jurisdiction because there is not diversity of citizenship, the Attorney General argues that the Court lacks diversity jurisdiction because the case does not meet the minimum amount in controversy requirement of $75,000. Specifically, the Attorney General argues that GOC's claim against Philadelphia for an amount in excess of $90,000 is a counter-claim, and as such, the amount of the counterclaim cannot be considered in determining the amount in controversy. *See Cent. Associated Carriers v. Nickleberry*, 995 F.

Supp. 1031, 1034-35 (W.D. Mo. 1998). The Attorney General's position again ignores the effect of Philadelphia's dismissal of its state court petition. Once Philadelphia voluntarily dismissed its state court petition, it became a nullity. *Wittman*, 31 S.W.3d at 520. The Receiver's Third-Party Petition against Philadelphia, is therefore, not a counterclaim. Because the Receiver alleged that Philadelphia owes it an excess of $90,000, the amount in controversy requirement is met.

### E. Philadelphia is not a third-party defendant, and, therefore, has the power to remove the action.

The Attorney General's final argument regarding removal is that Philadelphia cannot remove the action because a third-party defendant is not a "defendant" authorized to remove a case to federal court within the meaning of the removal statute. *Lytle v. Lytle*, 982 F. Supp. 671 (E.D. Mo. 1997); *Friddle v. Hardee's Food Sys., Inc.*, 534 F. Supp. 148, 149 (W.D. Ark. 1981); *Garnas v. Am. Farm Equip. Co.*, 502 F. Supp. 349, 350 (D.N.D. 1980). Generally, the third-party defendant doctrine holds that third-party defendants may not remove an entire case to federal court. There are, however, exceptions for third party claims that are not part of the same civil action as the underlying proceeding. If the claim at hand is a separate and independent claim or cause of action, distinct from the original action, it may still be removable even if the party seeking removal is labeled as a third-party defendant. *Nungesser v. Bryant*, No. 07-1285-WEB, 2007 WL 4374022, at *5 (D. Kan. December 7, 2007); *Shaver v. Arkansas-Best Fright Sys., Inc.*, 171 F. Supp. 754, 760 (D.C. Ark. 1959).

The Court finds that the Receiver's claim against Philadelphia is a new and separate "civil action" within the meaning of §§ 1441 and 1446, and that Philadelphia's status as a third-party defendant is premised only upon the flawed procedure the Receiver used to bring this action. First, the fact that Philadelphia is named as a third-party defendant is not dispositive in

the matter. "[I]n determining whether removal jurisdiction is proper, this court is not bound by the labels attached by state practice." *Nungesser*, 2007 WL 4374022, at *6. "[T]his does not mean the State's practice and procedure is irrelevant. The state court's characterization of the action is a factor this court can consider in determining whether a civil action is separate for purposes of removal." *Id.*

Here, the Court finds that although Philadelphia is third-party defendant by name, the Receiver's proceeding to recover amounts under the insurance agreement is a separate action, making Philadelphia a defendant who may properly remove an action pursuant to §§ 1441 and 1446. The Eighth Circuit decision in *Porter v. F.M. Davies & Co.* is highly instructive on this issue:

> The claim is made that this suit is but ancillary to the suit in which the receiver was appointed now pending in the circuit court of Grant county, S.D.; that the state court has constructive possession at least of the money claimed to be due the elevator company from Davies & Co.; and that therefore the case was not removable to the federal court because such a proceeding would be an interference with the possession of the state court over property in its possession . . . It [has been] held by the Supreme Court that where a proceeding in a state court is merely incidental and auxiliary to an original action there- a graft upon it, and not an independent and separate litigation- it could not be removed into the federal court . . . The present suit, however, is an independent action brought by the receiver a citizen of South Dakota against Davies & Co., a corporation of Minnesota. The receiver is pursuing his remedy in this court the same as in the state court. The state court has never obtained possession of the property sought to be recovered, and, if the plaintiff in this action is successful, the receiver recovers the property in his character as receiver just the same as if the case was being prosecuted in the state court. The case was removable under the law and there is no merit in the contention.

223 F. 465 (8th Cir. 1915). Like *Porter*, the Court here finds that the Receiver's breach of contract claim against Philadelphia is a separate civil action from the GOC State Receivership case, and thus, it is properly removable to this Court.

**F. GKCCF's intervention was improper; therefore GKCCF must be dismissed from the case.**

GKCCF argues that this case must be remanded to state court because complete diversity jurisdiction does not exist between GOC and GKCCF, both citizens of Missouri. This argument is valid only if GKCCF is a proper party to the litigation. After reevaluating GKCCF's "Motion to Intervene," the Court finds that GKCCF is not a proper party to the litigation and cannot destroy diversity jurisdiction.

In an August 9, 2011 Order, the Court granted GKCCF's unopposed motion to intervene pursuant to Fed. R. Civ. P. 24(a). Upon further consideration, taking into account the arguments now before the Court regarding diversity citizenship, the Court finds GKCCF's intervention improper. "Federal courts may not join persons to an action if the courts do not have jurisdiction to hear their claims." *Estate of McFarlin ex rel. Laass v. City of Storm Lake*, No. C 10–4092–MWB, 2011 U.S. Dist. LEXIS 100905, at *7, 2011 WL 3957534, at *2 (N.D. Iowa, Sept. 7, 2011). Under 28 U.S.C. § 1367(b), federal courts do not have supplemental jurisdiction over interveners seeking to be joined under Federal Rules of Civil Procedure 19 and 24. *Exxon Mobil Corp. v. Allapattah Services, Inc.,* 545 U.S. 546, 559–60 (2005).

The Eighth Circuit has yet to address "whether a court must deny intervener motions of non-diverse persons in actions based solely on diversity." *Estate of McFarlin*, 2011 WL 3957534, at *2. Other Circuits, however, including the Fifth and Seventh Circuits, have denied non-diverse interveners' motions under Rule 24 when the court's only basis for original jurisdiction is diversity under 28 U.S.C. § 1332. *Griffin v. Lee,* 621 F.3d 380, 390 (5th Cir. 2010); *TIG Ins. Co. v. Reliable Research Co.,* 334 F.3d 630, 634 (7th Cir. 2003). In addition, "nothing in the language of Rule 24 suggests any other outcome but denial of a motion to

intervene where there would be no jurisdiction to hear the intervenor's claims once he was joined." *Estate of McFarlin*, 2011 WL 3957534, at *2.

In reevaluating GKCCF's role in this litigation, the Court must also take into account the development of the case. Given that the Court finds it has jurisdiction to hear GOC's claim against Philadelphia, and given that the Court grants Philadelphia's motion to dismiss,[1] allowing GKCCF to remain as a party would leave the Court without federal question jurisdiction and without diversity of citizenship between the two parties remaining in the case. This would be improper. Thus, neither the case law, the language of Rule 24, nor the circumstances of the case counsel in favor of this Court retaining jurisdiction over GKCCF's claim against GOC. Accordingly, the Court dismisses GKCCF's claims against GOC without prejudice.

## Discussion of Dismissal

### G. GOC's Third-Party Petition against Philadelphia is dismissed for improper service of process.

In addition to removing the case to federal court, Philadelphia moves for dismissal arguing that the Court lacks personal jurisdiction over it because GOC's Third-Party Petition service of process was improper. On June 6, 2011, GOC filed its Third-Party Petition against Philadelphia in Missouri State Court. On that same day, GOC mailed a copy of the Third-Party Petition to Philadelphia's counsel. On June 10th, Philadelphia removed the case to federal court. On June 14th, the Missouri State Court issued the summons. On June 15th, Philadelphia filed the current motion to dismiss for lack of personal jurisdiction. On June 27, 2011 the Missouri State Court served the summons on Philadelphia.

Philadelphia argues that at the time the Missouri State Court served the summons on June 27, 2011, that court no longer had jurisdiction over it, and, therefore, service of process was not

---
[1] See "Discussion of Dismissal."

proper. *State ex rel. Consumer Programs, Inc. v. Dowd*, 941 S.W.2d 716, 717 (Mo. App. 1997); *Caifano v. Dodds*, 763 S.W.2d 687, 690 (Mo. App. 1988) (holding service upon a party's attorney was not proper because the party had already been dismissed). The Receiver argues that Philadelphia's Motion to Dismiss was premature because it was entered prior to the end of the thirty day period in which the Receiver had to effect service on Philadelphia. Mo. R. Civ. P. § 54.21. The Receiver also argues that Philadelphia waived any claim for improper service of process by removing the case to this Court.

The Court finds the Receiver's arguments without merit. As a preliminary matter, the Court notes that Philadelphia did not waive personal jurisdiction by removing this case to federal court. The Eighth Circuit is clear that "Removal, in itself, does not constitute a waiver of any right to object to lack of personal jurisdiction." *Nationwide Eng'g and Control Sys., Inc. v. Thomas*, 837 F.2d 345, 347-48 (8th Cir. 1988). "A defendant does not waive objections to service of process or personal jurisdiction by removing a state court action to federal court." *Cowen v. Am. Med. Sys., Inc.*, 411 F. Supp. 2d 717, 720 (E.D. Mich. 2006) (citing *Morris & Co. v. Skandinavia Ins. Co.*, 279 U.S. 405, 409 (1929)). Because GOC participated in this litigation only by filing removal pleadings, it has not waived its objections based on lack of personal jurisdiction.

The Court also finds that the State Court summons issued to Philadelphia was improper because it was issued after the State Court lost jurisdiction over Philadelphia. Once Philadelphia voluntarily dismissed its Petition in the Receivership action, it was no longer a party to the litigation. Once Philadelphia removed the action from state court to federal court, the state court lost jurisdiction over the matter. 28 U.S.C. § 1446; *see State of South Carolina v. Moore*, 447 F.2d 1067, 1073 (4th Cir. 1971); *Holmes v. AC & S, Inc.*, 388 F. Supp. 2d 663, 667 (E.D. Va.

17

2006).  Thus, once the case was properly removed, "all further process [should have] issue[d] from the Federal court." *Allman v. Hanley*, 302 F.2d 559, 562 (5th Cir. 1962) (citing 28 U.S.C. § 1446(e) and 1447(a)).  Accordingly, after June 10, 2011, the state court lost jurisdiction to issue the summons or take any other action, and the June 14th summons issued by it was void.  Because the summons was void, Philadelphia was not properly served with process on June 27th.

However, "after an action is removed, federal law governs, and defects in service can be cured in accordance with federal rules of procedure." *Cowen v. Am. Med. Sys., Inc.*, 411 F. Supp. 2d 717, 720 (E.D. Mich. 2006).  Section 1448, Title 28 of the United States Code provides that:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

In addition, Congress has authorized, "[i]n any case removed from a State court, the district court may issue all necessary orders and process to bring before it all proper parties whether served by process issued by the State court or otherwise." 28 U.S.C. § 1447(a).  For cases removed from state court, litigants have 120 days after the date of removal for service of process.  *Cowen*, 411 F. Supp. 2d at 721; *Bruley v. Lincoln Property Co., N.C., Inc.,* 140 F.R.D. 452, 453 (D.C. Colo. 1991) (holding that the "120-day period for serving process starts to run on the date of removal rather than the date the state complaint was filed").  This case was removed on June 10, 2011. The Plaintiff, therefore, had until October 18, 2011 to properly serve the Defendant.  Because the Plaintiff did not serve process on Defendant by that date, this action is dismissed.

## Conclusion

For the reasons discussed herein, the Court finds that the Third-Party Petition is a separate and independent proceeding from the State Receivership action, that the Attorney General is not a party to the Third-Party Petition filed by GOC against Philadelphia, that Philadelphia is not equitably estopped from removing the case to this Court, that the amount in controversy exceeds $75,000, and that GKCCF's intervention in the case does not destroy diversity jurisdiction. Accordingly, the motions to remand on behalf of the Attorney General (Doc. 8), the Receiver (Doc. 10), and GKCCF (Doc. 27) are DENIED. In addition, the Court finds that GOC did not properly serve process on Philadelphia and GKCCF's intervention in the case was not proper. Therefore, all claims in the case are dismissed without prejudice.

**IT IS SO ORDERED.**

Date: December 9, 2011  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT